IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES STATHAM, by and through his )
Next friend, DEBRA MITCHELL, )
)
    Plaintiff, )
) CIVIL ACTION
vs. ) FILE NO. _____
)
GGNSC DECATUR II, LLC, and )
GGNSC EQUITY HOLDINGS, LLC )
)
    Defendants, )

## PETITION FOR REMOVAL

COME NOW GGNSC Decatur II, LLC, and GGNSC Equity Holdings, LLC and hereby file this Petition for Removal, pursuant to the provisions of 28 U.S.C. §§ 1441, et seq., and show this Court the following:

1.

The present action was commenced by the Plaintiff in the Superior Court of Fulton County. The suit is identified as <u>Charles Statham, by and through his next friend, Debra Mitchell v. GGNSC Decatur II, LLC, and GGNSC Equity Holdings, LLC</u> Superior Court of DeKalb County, Civil Action File No. 11CV2324-2.

2.

The Complaint was the initial pleading setting forth the claim for relief upon which this action is based. (A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit "A"). The earliest knowledge and first notice by Defendants, or its agents, of Plaintiff's Complaint was February 22, 2011.

3.

The filing of this Petition for Removal is timely in that it has been filed within thirty (30) days of the date of the Defendants first receiving notice of Plaintiff's Complaint.

4.

This action is of a civil nature. The substance of Plaintiff's Complaint is that Defendants committed negligence by deviating from the standard of care which caused Plaintiff to develop a pressure ulcer and suffer a fall. Specifically, Plaintiff alleges that Defendants failed to adequately monitor and document the condition of Mr. Statham's skin breakdown, failed to provide adequate pressure relief, and provide Mr. Statham with adequate fall prevention precautions.

5.

In the Complaint, Plaintiff contends that as the direct and proximate result of alleged negligence of the defendants she has "sustained severe injuries of the mind and

body, pain and suffering, and the necessary cost of medical care." In addition, Plaintiff alleges in the <u>Complaint</u> that Defendants' actions "rise to the level of displaying willful, wanton and reckless disregard and evidence an entire want of care, which would raise the presumption of conscious indifference to the consequences" which entitles Plaintiff to an award of punitive damages.

6.

Plaintiff is a resident of the State of Georgia.

7.

Defendants GGNSC Decatur II, LLC, and GGNSC Equity Holdings, LLC are non-resident corporations established under the laws of the State of Delaware. GGNSC Equity Holdings, LLC's principal place of business is located in Fort Smith, Arkansas.

8.

There exists complete diversity among the parties who are presently before the Court.

9.

This Court has jurisdiction under 28 U.S.C. § 1332 and, therefore, this action is one which may be removed to this Court by the Petitioner/Defendants, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1441(b), in that it is a civil action in which the

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is an action between citizens of different states.

WHEREFORE, Petitioners, GGNSC Decatur II, LLC, and GGNSC Equity Holdings, LLC named Defendants in the action described hereinabove which is currently pending in the Superior Court of DeKalb County, State of Georgia, Civil Action File No. 11CV2324-2 and pray that this action be removed therefrom to this Court.

Respectfully submitted this  23  day of March, 2011.

                                **HAWKINS PARNELL**
                                **THACKSTON & YOUNG LLP**

                                /s/ David C. Marshall
                                David C. Marshall
                                State Bar No. 471512
                                Marcus W. Wisehart
                                State Bar No. 771355

                                *Counsel for Defendants*

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: dmarshall@hptylaw.com
E-mail: mwisehart@hptylaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES STATHAM, by and through his<br>Next friend, DEBRA MITCHELL, | )<br>)<br>) | |
| Plaintiff, | )<br>)<br>) | CIVIL ACTION |
| vs. | )<br>) | FILE NO. _____ |
| GGNSC DECATUR II, LLC, GGNSC and<br>GGNSC EQUITY HOLDINGS, LLC | )<br>)<br>)<br>) | |
| Defendants, | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the within and foregoing **PETITION FOR REMOVAL** upon Plaintiff by depositing same in the United States certified mail, return receipt requested and with sufficient postage affixed thereon and addressed as follows:

Eric K. Milles, Esq.
Garvin & Milles
1582 Village Square Boulevard
Tallahassee, FL 32309

This the 23 day of March, 2011.

**HAWKINS PARNELL<br>THACKSTON & YOUNG LLP**

*[signature]*

David C. Marshall<br>Marcus W. Wisehart

4000 SunTrust Plaza  
303 Peachtree Street, N.E.  *Counsel for Defendant*  
Atlanta, GA 30308-3243  
Telephone: (404) 614-7400  
Facsimile: (404) 614-7500  
E-mail: mwisehart@hptylaw.com

10601040v.1

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

CHARLES STATHAM, by and through his
next friend, DEBRA MITCHELL,

    Plaintiff

vs.

GGNSC DECATUR II LLC and
GGNSC EQUITY HOLDINGS LLC.

    Defendants

FILED 2011 FEB -8 A 10: 25

CIVIL ACTION NO. 11CV2324-2



## COMPLAINT

COMES NOW CHARLES STATHAM, Plaintiff in the above-styled action by and through his next friend, DEBRA MITCHELL, and files this Complaint against GGNSC DECATUR II LLC and GGNSC EQUITY HOLDINGS LLC. In support thereof Plaintiff states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, CHARLES STATHAM is a resident of Georgia, and incompetent due to dementia.

2. DEBRA MITCHELL is CHARLES STATHAM's daughter, attorney in fact, and is a resident of Georgia.

3. Defendant, GGNSC DECATUR II LLC, with the physical address of 4115 Glenwood Road, Decatur, GA 30032, which is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon its Registered Agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross GA 30092.

4. Defendant, GGNSC EQUITY HOLDINGS LLC, with the address of 1000 Fianna Way, Fort Smith, AR 72919, which is subject to the jurisdiction and venue of this

1


DEFENDANT'S EXHIBIT A

Court. Service of process may be perfected upon its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. During the time frame relevant to the issues in this case, GGNSC EQUITY HOLDINGS LLC owned, operated, dominated, managed, and made personnel decisions regarding GOLDEN LIVING CENTER - GLENWOOD, and employed the personnel at GOLDEN LIVING CENTER - GLENWOOD directly and/or through its alter ego, agent, apparent agent, and wholly owned subsidiary Defendant, GGNSC DECATUR II LLC.

6. During the time frame relevant to the issues in this case, GGNSC DECATUR II LLC was the licensee of GOLDEN LIVING CENTER - GLENWOOD.

7. GOLDEN LIVING CENTER – GLENWOOD is the skilled nursing facility located at the physical address of 4115 Glenwood Road, Decatur, GA 30032.

8. This action is an action for damages in excess of Ten Thousand Dollars ($10,000.00).

9. Venue is proper in the Superior Court of DeKalb County since the causes of action accrued in whole or in part in DeKalb County and Defendants transact business in and/or reside in DeKalb County.

## FACTS

10. CHARLIE STATHAM was initially admitted to GOLDEN LIVING CENTER – GLENWOOD on March 30, 2010 without any pressure ulcers.

11. During all relevant times, CHARLIE STATHAM was a resident of GOLDEN LIVING CENTER – GLENWOOD and in GOLDEN LIVING CENTER – GLENWOOD and its staff's care and custody.

2

12. CHARLIE STATHAM paid or on CHARLIE STATHAM's behalf payments were made for the care, services and skilled nursing of GOLDEN LIVING CENTER – GLENWOOD and its staff.

13. Defendants, at all relevant times, had a statutory duty to provide each resident, including CHARLIE STATHAM, the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being.

14. While in the care and custody of Defendants, CHARLIE STATHAM was not provided with adequate pressure ulcer prevention and treatment.

15. While in the care and custody of Defendants, a pressure ulcer to CHARLIE STATHAM's left buttock area developed and worsened into a Stage III pressure ulcer.

16. While in the care and custody of Defendants, CHARLIE STATHAM suffered a fall and sustained a hematoma, head injury and hospitalization.

## COUNT I - NEGLIGENCE

17. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 16 above.

18. Defendants had full legal authority and responsibility for the operation of GOLDEN LIVING CENTER – GLENWOOD during all relevant times of CHARLIE STATHAM's residency.

19. Defendants owed a non-delegable duty to CHARLIE STATHAM to exercise reasonable care while he was a resident at GOLDEN LIVING CENTER – GLENWOOD.

20. Defendants are liable for the negligence of any staff working at GOLDEN LIVING CENTER – GLENWOOD and/or Defendant's employees based on the theory of respondeat superior, agency and/or apparent agency.

3

21. Defendants' employees negligently cared for CHARLIE STATHAM by failing to exercise reasonable care:

   a) failing to adequately monitor and document the condition of CHARLIE STATHAM's skin breakdown;
   b) failing to provide adequate pressure relief;
   c) failing to adequately provide a plan of care to CHARLIE STATHAM;
   d) failing to provide CHARLIE STATHAM with adequate fall prevention precautions on June 20, 2010; and
   e) failing to accurately and completely assess CHARLIE STATHAM's risk of falling.

22. As a direct and proximate result of the negligence of Defendants and/or Defendants' employees, CHARLIE STATHAM sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

## COUNT II - PROFESSIONAL NEGLIGENCE

23. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 22 above.

24. Defendants' negligence, includes those negligent acts and/or omissions set forth in the Affidavit of Denise DeRome, R.N., which is filed with this Complaint pursuant to the requirements of O.C.G.A. § 9-11-9.1. This Affidavit is incorporated into this Complaint as Exhibit "A".

25. A medial authorization form is attached to this Complaint as Exhibit "B" to be in compliance with O.C.G.A. § 9-11-9.2(a). However, Defendants assume the risk for any violation of the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPAA").

26. As a direct and proximate result of the negligence of the Defendants and/or Defendants' employees, CHARLIE STATHAM, sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

4

27. CHARLIE STATHAM is entitled to recover all damages, which the jury determines to be proper including damages for his pain and suffering and medical expenses.

## COUNT III - NEGLIGENCE PER SE

### Violation of Bill of Rights -- O.C.G.A. SEC. 31-8-100, *et. seq.*

28. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 28 above.

29. The Georgia Bill of Rights for Residents of Long-Term Care Facilities was enacted to protect nursing home residents, such as CHARLIE STATHAM, from abuse and neglect and to ensure their dignity and personal integrity.

30. The Bill of Rights for Residents of Long-Term Care Facilities, O.C.G.A. § 31-8-108(a) provides that residents of Long-Term Care Facilities, including CHARLIE STATHAM, are entitled to receive care, treatment, and services, which are adequate and appropriate.

31. Moreover, Georgia law provides that the care, treatment, and services shall be provided with reasonable care and skill, in compliance with applicable laws and regulations, with respect for the resident's personal dignity and privacy.

32. Defendants' acts and omissions as stated in this Complaint and Exhibit "A" to this Complaint violate the Bill of Rights for Residents of Long-Term Care Facilities and as a direct and proximate result, CHARLIE STATHAM sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

33. CHARLIE STATHAM is entitled to recover all damages, which the jury determines to be proper including damages for CHARLIE STATHAM's pain and suffering and medical expenses.

## COUNT IV - STATUTORY CAUSE OF ACTION

34. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 34 above.

35. O.C.G.A. § 31-8-126 expressly provides that "[a]ny person or persons aggrieved because a long-term care facility has violated or failed to provide any right granted under this article shall have a cause of action against such facility for damages and such other relief as the court having jurisdiction of the action deems proper."

36. The Georgia Bill of Rights for Residents of Long-Term Care Facilities, O.C.G.A. § 31-8-108(a) provides that residents of Long-Term Care Facilities, such as CHARLIE STATHAM, are entitled to receive care, treatment, and services, which are adequate and appropriate.

37. Moreover, Georgia law provides that the care, treatment, and services shall be provided with reasonable care and skill, in compliance with applicable laws and regulations, with respect for the resident's personal dignity and privacy.

38. Defendant's acts and omissions as stated in this Complaint and Exhibit "A" to this Complaint violated the Georgia Bill of Rights for Residents of Long-Term Care Facilities and as a direct and proximate result, CHARLIE STATHAM sustained severe injuries of the mind and body, pain and suffering, and the necessary cost of medical care.

39. CHARLIE STATHAM is entitled to recover all damages which the court deems proper and the jury determines to be proper including damages for CHARLIE STATHAM's pain and suffering and medical expenses.

## COUNT V – WILFUL, WANTON, RECKLESS CONDUCT

40. Plaintiff incorporates by reference as if fully set forth every allegation set forth in Paragraphs 1 to 39 above.

41. Defendants' and their employee's repeated and continuous failures as set forth herein rise to the level of displaying wilful, wanton, and reckless disregard and evidence an entire want of care, which would raise a presumption of conscious indifference to the consequences.

42. Defendants' conduct is such that Plaintiffs are entitled to punitive damages from Defendants, therefore in order to punish, penalize and deter Defendants from further repetition of the conduct alleged herein.

43. WHEREFORE, Plaintiff prays for the following:

    a. that Summons be issued and served upon the Defendant as provided by law;
    b. that all issues herein be tried before a jury;
    c. that the Plaintiff has judgment entered in his favor against the Defendant, jointly and severally in an amount in excess of $10,000 for all damages, together with punitive, recoverable by law;
    d. that all costs of this action be cast against the Defendant; and
    e. that Plaintiff has such other relief as is just and proper.

Respectfully Submitted,

_____
Eric K. Milles, Esq.
GA Bar # 508982
GARVIN & MILLES, P.A.
1582 Village Square Blvd.
Tallahassee, FL 32309
(850) 422-3400 (telephone)
(850) 906-9878 (facsimile)

AFFIDAVIT

STATE OF GEORGIA
COUNTY OF Gwinnett

FILED
11cv2324-2
2011 FEB -8 A 10:25
SUPERIOR COU...
...LB COUNTY GA

Before me, the undersigned officer duly authorized to administer oaths came Denise DeRome, who after first being duly sworn, states as follows:

1.

I am a Registered Nurse licensed to practice nursing in the State of Georgia. I have devoted professional time during 3 of the last 5 years immediately preceding the date of the occurrence that is the basis of this Affidavit to the active clinical practice of nursing. By reason of my active clinical practice, I have knowledge of the applicable standard of care for nurses, or other medical support staff.

2.

Based upon my education, training and experience, I am familiar with that degree of care and skill ordinarily exercised by nursing homes, nursing staff (including R.N.s, L.P.N.s and C.N.A.s) under the same or similar circumstances or like surrounding conditions (the "Standard of Care"). Specifically, I am familiar with the care and treatment of patients such as Charlie Statham as his condition is reflected in the medical records that I have reviewed.

3.

I have personally reviewed the medical records pertaining to Charlie Statham from his residency at Golden Living Center – Glenwood and hospitalization at DeKalb Medical Center.


EXHIBIT A

4.

Based upon my education, training and experience, and upon the information contained in the documents that I have reviewed, it is my opinion that Golden Living Center – Glenwood and the nursing staff who were charged with the care and treatment of Charlie Statham during his residency, failed to exercise the degree of care and skill ordinarily exercised by nursing homes, nursing staff, and members of the medical profession generally under the same or similar circumstances or like surrounding conditions (the "Standard of Care"). Golden Living Center – Glenwood knew or should have known that Charlie Statham could not safely ambulate independently. Further, Golden Living Center – Glenwood knew or should have known that Charlie Stathum suffered from short term memory problems and could not consistently be relied upon to use a call light to request assistance in ambulation.

5.

Golden Living Center – Glenwood and the nursing staff had the following duties under the standard of care including, but not limited, to the following:

   a. The duty to provide Charlie Statham with a plan of care that is individually tailored to his needs, including his fall risk;

   b. The duty to ensure that Charlie Statham had adequate and appropriate supervision;

   c. The duty to ensure that Charlie Statham had appropriate fall prevention devices;

   d. The duty to provide adequate pressure relief; and

   e. The duty to monitor and document the condition of any pressure wounds.

2

8.

I further state, that to the best of my knowledge, I have never had any opinions disqualified in any administrative forum, court of law, or other proceedings, nor have I ever been disqualified as an expert witness. I have never been found guilty of fraud or perjury in any jurisdiction.

FURTHER AFFIANT SAYETH NOT.

_____
Denise DeRome, R.N.

The forgoing Affidavit was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgements, this 15 day of December, 2010, by Denise DeRome, R.N., who is either personally known to me or produced the following identification: GA Driver's License.

_____
Notary Signature

Allan Rebuck
Printed Name

ALLEN REBUCK
MY COMMISSION EXPIRES
JULY 23RD 2011
GWINNETT COUNTY GA
NOTARY PUBLIC

4

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

FILED

CHARLES STATHAM, by and through her
next friend, DEBRA MITCHELL,

        Plaintiff

2011 FEB -8 A 10: 25

        vs.

CIVIL ACTION NO.
11CV2324-2

GGNSC DECATUR LLC. and
GGNSC EQUITY HOLDINGS LLC.

        Defendants
_____/

### O.C.G.A. § 9-11-9.2 AUTHORIZATION

COMES NOW Plaintiff in the above-styled action, submits this Authorization pursuant to O.C.G.A. § 9-11-9.2

I, DEBRA MITCHELL, hereby authorize the attorney representing GGNSC DECATUR LLC and GGNSC EQUITY HOLDINGS LLC, to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the Complaint, which pertain to CHARLES STATHAM. This authorization includes said defense attorney's right to discuss the care and treatment of CHARLES STATHAM'S with all of CHARLES STATHAM'S treating physicians.

This authorization provides for the release of all protected health information **except information that is considered privileged** and authorizes the release of such information to said defense attorney by any physician or health care facility by which health care records of CHARLES STATHAM are maintained.

I request that you notify my attorney, Eric K. Milles, Esq., GARVIN & MILLES, 1582 Village Square Boulevard, Tallahassee, FL, 32309, (850) 422-3400, in the event you provide the protected health information to anyone. I also request that you notify my attorney of any request


EXHIBIT B

by defense counsel for you to meet with defense counsel to discuss any protected health information and further request that my attorney be allowed to attend any such meeting.

Dated this 21st day of December 2010.

_____
DEBRA MITCHELL